## EDMUND HALL *versus* ROBERT McDUFF.

Where the grantee enters into the actual occupation and improvement of the premises under his deed, but does not record it, the title cannot be revested in the grantor, by the delivery back of the deed, for one purpose, and yet remain in the grantee for another.

If the grantee consents to the delivery back of such unrecorded deed to the grantor, for the purpose of having security given by mortgage for a portion of the consideration money remaining unpaid, no authority is thereby given to the grantor to make an absolute conveyance of the estate.

The grantee in possession cannot create an equitable mortgage by a pledge of his unrecorded deed, and thereby defeat a prior recorded mortgage of the same premises.

WRIT of entry. After the whole testimony was before the jury, it was all reported, and thereupon a nonsuit was entered by consent, to be set aside, if in the opinion of the Court the action could be maintained.

The facts proved by that testimony are stated at the commencement of the opinion of the Court.

*Ingersoll*, for the demandant, contended that the testimony shew, that the deed was voluntarily delivered back to the grantor, with the expectation that security was to be given upon the estate for the money due. The mode of doing it was at the option of the grantor. And if the tenant chooses to take a course which will enable the grantor to induce a third person to believe he has a good title, it is too late to complain afterwards. If an unrecorded deed is understandingly and fairly given up, the title is revested in the grantor. 1 Greenl. 73 ; 21 Maine R. 160 ; 10 Mass. R. 403.

*Washburn*, for the tenant, said that the tenant never consented to the giving up of the deed, but merely that the grantor might take it to have the money procured by a mortgage, which was not given. The tenant entered into possession under his deed, and thus acquired as full and complete a title, as if it had been recorded. All the facts were known to all the parties. The deed was never cancelled, nor agreed to be cancelled. And where the property has once vested, and other rights have intervened, the mere delivery back of the

deed by the grantee to the grantor will not revest the estate. 6 Greenl. 56; 10 Mass. R. 60; *Marshall* v. *Fiske*, 6 Mass. R. 24; 21 Maine R. 160.

If the demandant has any claim, it is but as an equitable mortgage; and it must be enforced in equity, but not at law.

The opinion of the Court was by

SHEPLEY J. — The demandant claims the premises demanded, by virtue of a deed of conveyance to himself, made by Alexander Alden, on March 15, 1841, and recorded on the twenty-eighth day of the same month. The tenant claims under a conveyance from the same person to himself, made in the year 1833, but not recorded. There is proof, however, that he immediately entered into possession of the premises under his deed, soon built a house and barn upon the land, and has continued to reside upon it since that time. The demandant attempts to destroy this older title by proof, that the grantor, before he made the last conveyance, obtained' possession of the former deed, and held it by consent of the tenant, until he should be paid a part of the purchase money remaining unpaid. That the tenant, having failed to make that payment, consented that he should obtain the money of some other person and "give security on the land for the money." That he accordingly procured the money of the demandant and conveyed the land to him. That after the money was obtained the tenant was satisfied, although he soon after became dissatisfied. It appears also that the grantor first obtained that deed for the purpose of having a mortgage deed of the premises made to himself to secure his debt, but finding, that the tenant had before made a mortgage of the same to Bates, he concluded to retain his unrecorded deed as security for the purchase money.

That deed was not cancelled, and the title revested in the grantor, by these proceedings. Such does not appear to have been their intention. The deed was only pledged as an equitable mortgage of the estate. The tenant had before that time mortgaged the estate to Bates, and the law would not permit

them to destroy, in that mode, the title of the tenant, to the injury of Bates, if such had been their design. The title could not be revested in the grantor for one purpose and yet remain in the tenant for another. If the tenant consented to a conveyance, it was only to one for the purpose of security, not to an absolute conveyance of the title. His declaration, made after the last conveyance, that he was satisfied, could not have the effect to destroy a title, which had never been divested.

*Nonsuit confirmed.*